IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Kenneth D. Thomas, | : | |
| Plaintiff | : | Civil Action 2:09-cv-01158 |
| v. | : | Judge Smith |
| Great Lakes, | : | Magistrate Judge Abel |
| Defendant | : | |

## Initial Screening Report and Recommendation

Plaintiff Kenneth D. Thomas brings this action against defendant Great Lakes seeking relief from a student loan. He has not filed a complaint. The papers submitted do not plead subject matter jurisdiction. Thomas filed an earlier lawsuit, *Kenneth D. Thomas v. Great Lakes Higher Education and Key Bank*, 2:09-cv-1158, seeking a judgment that he is not legally liable to defendants Great Lakes Higher Education and Key Bank for a student loan. Plaintiff's motion to proceed without prepayment of fees and costs is GRANTED.

This matter is before the Magistrate Judge for screening of the complaint under 28 U.S.C. §1915(e)(2) to identify cognizable claims, and to recommend dismissal of the complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See, McGore v. Wrigglesworth,* 114 F.3d 601, 608 (6th Cir. 1997). The Magistrate Judge finds that the complaint does not satisfy the requirements of Rule 8(a),

Federal Rules of Civil Procedure, that it "contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . ." Accordingly, the Magistrate Judge **RECOMMENDS** the complaint be dismissed unless plaintiff Thomas filed an amended complaint within thirty (30) days alleging the basis for this Court to exercise subject matter jurisdiction.

There is no complaint. In *Kenneth D. Thomas v. Great Lakes Higher Education and Key Bank*, 2:09-cv-1158 was given an opportunity to file an amended complaint meeting the requirements of Rule 8(a), Fed. R. Civ. P. He did not file an amended complaint, and the Court dismissed his lawsuit. If he wanted to continue to pursue his claims against Great Lakes, his remedy was to appeal. He did not.

<u>Analysis</u>. Rule 8(a), Federal Rules of Civil Procedure, requires that a complaint "contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . ." Plaintiff has not submitted a complaint. Further, the judgment in *Kenneth D. Thomas v. Great Lakes Higher Education and Key Bank*, 2:09-cv-1158 is *res judicata. See, Rivers v. Barberton Board of Education*, 143 F.3d 1029, 1032 (6th Cir. 1998); *J.Z.G. Resources, Inc. v. Shelby Insurance Company*, 84 F.3d 211, 214 (6th Cir. 1996); *Os-born v. Ashland County Board of Education*, 979 F.2d 1131, 1133-34 (6th Cir. 1992).

Accordingly, the Magistrate Judge **RECOMMENDS** the complaint be dismissed unless plaintiff Thomas files an amended complaint within thirty (30) days alleging the basis for this Court to exercise subject matter jurisdiction. Defendants do not have to respond to the complaint unless the Court rejects this Report and Recommendation.

IT IS FURTHER ORDERED that plaintiff's application to proceed without

prepayment of fees be GRANTED. The United States Marshal is ORDERED to serve upon each defendant named in the complaint a copy of the complaint and a copy of this Order.

If any party objects to this Report and Recommendation, that party may, within ten (10) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this Report and Recommendation, and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. §636(b)(1)(B); Rule 72(b), Fed. R. Civ. P.

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *Thomas v. Arn*, 474 U.S. 140, 150-52 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also, Small v. Secretary of Health and Human Services*, 892 F.2d 15, 16 (2d Cir. 1989).

The Clerk of Court is DIRECTED to mail a copy of the complaint and this Report and Recommendation to each defendant.

s/Mark R. Abel  
United States Magistrate Judge